UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | EDCV 21-0475 JVS (PVC)<br>EDCV 21-0476 JVS (PVC) | Date: March 25, 2021 |
| Title | Gabriel Lee Jennings v. Police Officer Travis Leach, et al.<br>Gabriel Lee Jennings v. Moreno Valley Police, et al. | |

Present: The Honorable **Pedro V. Castillo**, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**PROCEEDINGS:** **[IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT IN FORMA PAUPERIS STATUS BE DENIED IN CASE NOS. 21-0475 JVS (PVC) AND 21-0476 JVS (PVC) BECAUSE THE ACTIONS ARE DUPLICATIVE OF CASE NO. CV 21-0209 JVS (PVC) AND APPEAR TO HAVE BEEN ERRONEOUSLY OPENED AS NEW MATTERS**

On January 26, 2021, Plaintiff Gabriel Lee Jennings constructively filed a civil rights complaint asserting claims arising from his allegedly false arrests on December 14, 2018 and March 9, 2019 on burglary, domestic violence, child endangerment, and restraining order violation charges. *See Gabriel Lee Jennings v. Officer Travis Leach, et al.*, EDCV 21-0209 JVS (PVC) (the "21-0209 Action"). In that action, Plaintiff is suing the County of Riverside; Moreno Valley Police Department Officers Travis Leach and Kevin Mahoney; Riverside County District Attorney Michael Hestrin and Deputy District Attorney Nicholas Petersen; and Riverside County Public Defenders Jessica Brownsell and Mike Schaff. ("21-0209 Complaint," Dkt. No. 1 at 3-4, 8, 13-15). Plaintiff claims that even though he is innocent of the "inflammatory, malicious, [and] excessive charges" brought against him, Defendants are engaged in a "criminal conspiracy" to violate his civil rights "by maliciously rigging the charges and preliminary trial in favor of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | EDCV 21-0475 JVS (PVC)<br>EDCV 21-0476 JVS (PVC) | Date: March 25, 2021 |
| Title | Gabriel Lee Jennings v. Police Officer Travis Leach, et al.<br>Gabriel Lee Jennings v. Moreno Valley Police, et al. | |

prosecution" to ensure that Plaintiff "will be convicted of a crime he never committed." (*Id.* at 16-17). The Complaint prays for $5 million in damages. (*Id.* at 23).

On March 9, 2021, the Court issued an Order to Show Cause Why the Magistrate Judge Should Not Recommend that This Action be Dismissed Pursuant to the *Younger* Abstention Doctrine. ("21-0209 OSC," Dkt. No. 7). The Court explained that Plaintiff's claims "may be subject to dismissal pursuant to the *Younger* abstention doctrine[1] because Plaintiff's criminal proceedings (1) are still pending in state court and (2) implicate important state interests, (3) the state proceedings would appear to provide an adequate opportunity for Plaintiff to litigate his federal constitutional claims, and (4) adjudication of the instant claims in Plaintiff's favor would have the practical effect of enjoining the ongoing state judicial proceedings." (*Id*. at 5). Plaintiff's response to the 21-0209 OSC is due by March 30, 2021. (*Id*.).

On March 15, 2021, less than a week after the March 9, 2021 OSC issued in the 21-0209 Action, the Court received two complaints from Plaintiff, each accompanied by a request to proceed *in forma pauperis*. *See Gabriel Lee Jennings v. Police Officer Travis Leach, et al.*, EDCV 21-0475 JVS (PVC) (the "21-0475 Action"), and *Gabriel Lee Jennings v. Moreno Valley Police, et al.*, EDCV 21-0476 JVS (PVC) (the "21-0476 Action"). The complaints in both of these actions are based on the same events alleged in the 21-0209 Action and are brought against the same set or subset of Defendants. It is unclear to the Court why Plaintiff submitted these seemingly duplicative complaints. It does appear, however, that the 21-0475 and 21-0476 Actions were likely opened as new matters in error. Accordingly, the Court requires clarification from Plaintiff.

The Complaint and IFP application in the 21-0475 Action are both dated November 29, 2020, even though they were not delivered to the Court until March 15, 2021. (21-0475 Complaint, Dkt. No. 1 at 8; 21-0475 IFP Appl., Dkt. No. 2 at 2). In the

---

[1] *Younger v. Harris*, 401 U.S. 37, 45-46 (1971).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | EDCV 21-0475 JVS (PVC)<br>EDCV 21-0476 JVS (PVC) | Date: March 25, 2021 |
| Title | Gabriel Lee Jennings v. Police Officer Travis Leach, et al.<br>Gabriel Lee Jennings v. Moreno Valley Police, et al. | |

21-0475 Action, Plaintiff sues only Moreno Valley Police Department Officers Travis Leach and Kevin Mahoney. (21-0475 Complaint at 3). As he did in the 21-0209 Action, Plaintiff alleges that Officer Leach placed a "false report" on him on December 14, 2018 for a crime he did not commit. (*Id*. at 5). Plaintiff also alleges, as he did in the earlier action, that Officer Mahoney arrested him on March 9, 2019 on child abuse, parole violation and domestic violence charges. (*Id*. at 5). Plaintiff seeks the same $5 million in damages that he did in the 21-0209 action. (*Id.* at 8). As such, the 21-0475 Complaint appears to be nothing more than an earlier version of the 21-0209 Complaint.

The Complaint and IFP application in the 21-0476 Action are dated January 26, 2021, the exact same date as the Complaint in the 21-0209 Action. (21-0476 Complaint, Dkt. No. 1 at 25; 21-0476 IFP Appl. at 2). The 21-0476 Complaint sues the exact same Defendants -- to the person -- as the 21-0209 Complaint, (*see* 21-0476 Complaint at 4-6), raises the same claims, (*id.* at 11-13) and seeks the same damages as the 21-0209 Complaint. (*Id*. at 25). Indeed, the 21-0476 Complaint appears simply to be a resubmission of the 21-0209 Complaint with the pages more coherently ordered and the bottoms of the pages properly scanned.

Accordingly, the Court ORDERS Plaintiff to show cause, within **fourteen days** of the date of this Order, why the Magistrate Judge should not recommend that the IFP applications in the 21-0475 and 21-0476 Actions be denied because those actions are duplicative of the claims and allegations in the 21-0209 Action. Plaintiff's response must identify any errors in the Court's description of the Complaints in the 21-0475 and 21-0476 Actions and explain why the Actions are materially different from the 21-0209 Action if he wishes to proceed in those Actions as separate matters.

Plaintiff is cautioned that the failure to respond to this Order to Show Cause by the Court's deadline may result in a recommendation that the 21-0475 and 21-0476 Actions be dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | EDCV 21-0475 JVS (PVC)<br>EDCV 21-0476 JVS (PVC) | Date: March 25, 2021 |
| Title | Gabriel Lee Jennings v. Police Officer Travis Leach, et al.<br>Gabriel Lee Jennings v. Moreno Valley Police, et al. | |

Civil Procedure 41(b).  Alternatively, Plaintiff may voluntarily dismiss the 21-0475 and 21-0476 Actions under Federal Rule of Civil Procedure 41(a).  **Two blank form notice of dismissal forms, one for each action, are attached for Plaintiff's convenience.**

Plaintiff is further advised that the deadline for responding to the Order to Show Cause in the 21-0209 Action regarding the application of the *Younger* abstention doctrine to Plaintiff's claims remains March 30, 2021.  If the 21-0209 Action is permitted to proceed following receipt of Plaintiff's OSC response in that case, and if the Complaints in the 21-0475 and 21-0476 Actions are dismissed for the reasons identified in this Order, Plaintiff may refile the Complaint submitted in the 21-0476 Action as a First Amended Complaint in the 21-0209 Action if he wishes to clarify his claims.

IT IS SO ORDERED.

| | | |
|---|---|---|
| | | 00:00 |
| | Initials of Preparer | mr |